**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

       Plaintiff,                         Case No. 15-20281

v.

                                    Honorable Nancy G. Edmunds

KAHIL WILSON,

       Defendant.

_____/

**ORDER DENYING DEFENDANT'S EMERGENCY**
**MOTION FOR COMPASSIONATE RELEASE [67]**

Pending before the Court is Defendant's *Pro Se* Emergency Motion for Compassionate Release. (ECF No. 67.)  Defendant requests that pursuant to 18 U.S.C. § 3582(c)(1)(A)(I) the Court convert the remainder of his sentence to a term of supervised release with a condition of home confinement.  Defendant contends his health condition and certain family circumstances constitute extraordinary and compelling reasons justifying this relief in the wake of the COVID-19 pandemic.  The government opposes the requested relief and has filed a response. (ECF No. 69.)  The Court has reviewed the record in its entirety and finds that a hearing on this matter is not necessary.  For the reasons set forth below, the Court **DENIES** Defendant's motion.

## I.  BACKGROUND

On November 7, 2016, Defendant pled guilty to three counts: felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g) (Count 1); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18

U.S.C. § 924(c) (Count 5).  The Court sentenced Defendant to be imprisoned for a term of 120 months.

Defendant is serving his sentence at FCI Edgefield in South Carolina.  According to Defendant, he is scheduled to be released on October 6, 2023.  An email attached to Defendant's motion indicates he made a request to the warden of Edgefield FCI on March 30, 2020, for "compassionate release" and "home confinement."  That request was subsequently denied.

Defendant is 35 years old.  He has served almost eighty percent of his sentence. He claims to suffer from asthma and bronchitis.  He states in his motion that he is concerned for his health in light of the COVID-19 pandemic because inmates at his facility cannot adequately social distance.  Defendant also claims to be facing a number of difficulties with his family.  He states that if released from prison he intends to become the primary caregiver for his sixty-three-year-old mother, who recently suffered a stroke, and his sixty-four-year-old father, who recently suffered a heart attack.  He also states that his seven-year-old son is struggling with emotional issues because he is scared that Defendant will not come home because of COVID-19.  Defendant argues that these circumstances amount to extraordinary and compelling reasons warranting his release from custody.

## II.    ANALYSIS

As amended by the First Step Act, 18 U.S.C. § 3582(c)(1)(A) authorizes courts to modify terms of imprisonment as follows (emphasis added):

> The court may not modify a term of imprisonment once it has been imposed except that—in any case—the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of

Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) therefore requires that a defendant must satisfy both the exhaustion requirement and demonstrate that "extraordinary and compelling reasons" warrant a reduction of his sentence.

In his motion, Defendant claims he has satisfied the exhaustion requirement and that his health conditions and certain family circumstances in the wake of the COVID-19 pandemic are extraordinary and compelling reasons warranting compassionate release under § 3582(c).  The Government agrees Defendant has exhausted the statutory prerequisites for seeking this relief.  But the Government maintains Defendant has failed to establish extraordinary and compelling circumstances warranting his release. Specifically, the Government argues Defendant has failed to establish that he has a serious physical or medical condition that substantially diminishes his ability to provide self-care within prison.  The Government also contends that the family issues identified by Defendant do not justify his release under § 3582(c).  And the Government argues that even if Defendant demonstrated extraordinary and compelling reasons, consideration of the § 3553(a) factors require denying the motion.  Having considered the record in this matter in its entirety, the Court agrees with the Government under the facts and circumstances presented here.

The United States Sentencing Commission has defined "extraordinary and compelling reasons." *See* U.S.S.G. § 1B1.13, comment n.1.  There are extraordinary and compelling reasons for modification where "[t]he defendant is ... suffering from a serious physical or medical condition ... that substantially diminishes the ability to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13 comment n.1(A)(ii).   An inmate's family circumstances may also qualify as extraordinary and compelling reasons. *See id.*

In this case, Defendant fails to establish extraordinary and compelling reasons warranting a modification of his sentence or his release from custody.  Defendant does not establish that he suffers from a serious physical or medical condition that would constitute an extraordinary and compelling reason for a modification of his sentence. While Defendant claims to suffer from asthma and bronchitis, the record does not contain sufficient evidence to establish the severity of those conditions.  To this end, as the Government points out, prison medical records show no sign that Wilson complained of or has been treated for asthma since 2017.

The potential threat imposed by the COVID-19 pandemic does not change this analysis.  Defendant's risk of exposure to COVID-19 is the same as any other inmate and the concerns he raises, while valid, are equally applicable to almost every other inmate in federal custody.  Defendant, however, does not demonstrate that he is within the category of individuals who face a potentially heightened risk of severe illness or death if or when they come into contact with the virus that has been found to amount to extraordinary and compelling circumstances in other cases. *See United States v. Pomante*, No. 19-20316, 2020 WL 2513095, at *6 (E.D. Mich. May 15, 2020).

Furthermore, Defendant has not established that his family circumstances warrant release. The fact that three years ago his father had a heart attack and his mother had a stroke, while unfortunate, does not in and of itself create a compelling reason to release Defendant. The same is true of his son's emotional issues. While it is admirable that Defendant wishes to be released early in order to assist with caring for his parents and his minor child, Defendant has failed to establish that his circumstances are extraordinary and compelling in a manner that would entitle him to the relief he seeks.

As final matter, the Court agrees with the Government that Defendant has failed to establish that he is no longer a danger to the community, or that consideration of the factors set forth in § 3553(a) weighs in favor granting the requested relief. Thus releasing Defendant to home confinement, even if he had presented extraordinary and compelling circumstances justifying such relief, would not be consistent with Section 1B1.13(2) or the § 3553(a) factors.

### III.    CONCLUSION

Accordingly, for the above stated reasons, **IT IS HEREBY ORDERED** that Defendant's Emergency Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A) is **DENIED**.

**SO ORDERED.**

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated:  June 15, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on June 15, 2020, by electronic and/or ordinary mail.

s/Lisa Bartlett
Case Manager