UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAHIL WILSON,

    Defendant.
_____/

Case No. 15-20281

Honorable Nancy G. Edmunds

**ORDER AND OPINION DENYING DEFENDANT'S 28 U.S.C § 2255 MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE [49] [55] [63]**

Pending before the Court are Defendant Kahil Wilson's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (ECF No. 49), and his amended motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (ECF Nos. 57 & 58.) The Government opposes the motions. (ECF Nos. 55 & 63.) After reviewing the briefing of the parties, the Court finds an evidentiary hearing is not needed. For the reasons stated below, Defendant's motions are **DENIED**.[1]

**I.     Background**

On August 2, 2016, Defendant pled guilty to three counts: felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g) (Count 1); possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a)(1) (Count 3); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count 5). Counts 1 and 3 related to Defendant's conduct that allegedly

---

[1] Defendant's motion requesting a status update on his pending motions to vacate (ECF No. 61) is hereby **DENIED as MOOT**.

1

occurred in 2013 and Count 5 related to Defendant's conduct that allegedly occurred in 2015.

On November 7, 2016, the Court sentenced Defendant to be imprisoned for a term of 120 months. The 120-month sentence included 60 months for Counts 1 and 3 to be served consecutively with the 60-month mandatory minimum on Count 5. As the Government points out, Defendant's 120-month sentence was below the 130 – 147-month advisory guideline range. Defendant did not file a direct appeal of his conviction or sentence.

On November 1, 2017, Defendant filed the instant motion to vacate his sentence under 28 U.S.C. § 2255. (ECF No. 49.) Subsequently, on March 8, 2018, Defendant filed an amended motion to vacate his sentence under 28 U.S.C. § 2255. (ECF Nos. 57 & 58.) The motions have been fully briefed and are ripe for consideration.

## II.     Standard of Review

Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a [federal] court . . . claiming the right to be released . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." To prevail on the motion, the movant must show "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)). "It is well-established that a § 2255 motion 'is not a substitute for direct appeal.'" *Ray v. United States*, 721 F.3d 758, 761 (6th Cir. 2013) (citations omitted). "[C]laims that could have been raised on direct appeal, but were not, will not be entertained via a motion under

§ 2255 unless the petitioner shows: (1) cause and actual prejudice to excuse his failure to raise the claims previously; or (2) that he is 'actually innocent' of the crime." *Id.* (citing *Bousley v. United States*, 523 U.S. 614, 622 (1998)).  And "it is equally well settled that a § 2255 motion may not be employed to relitigate an issue that was raised and considered on direct appeal absent highly exceptional circumstances, such as an intervening change in the law." *Jones v. United States*, 178 F.3d 790, 796 (6th Cir. 1999).

### III.     Analysis

#### A. Defendant's Motion to Vacate

In his original motion to vacate, Defendant claims the Court erred in calculating his 120-month sentence because the Court failed to consider the mandatory nature of the sentence imposed on Count 5—Defendant's § 924(c) conviction—when calculating his sentence for Counts 1 and 3.[2]  More specifically, Defendant argues the Supreme Court's decision in *Dean v. United States*, 137 S.Ct. 1170 (2017) required the Court to expressly consider § 924(c)'s mandatory minimum when imposing the sentence on Defendant's remaining nonmandatory counts of conviction.  Defendant claims the Court should have considered the mandatory nature of his 60-month sentence on Count 5 and then should have imposed an even lower sentence on Counts 1 and 3.

In response, the Government argues that Defendant's motion misapplies and misinterprets the Supreme Court's holding in *Dean*.  The Government maintains that the Court was not required to consider § 924(c)'s mandatory minimum when imposing the sentence on Counts 1 and 3 and therefore no error was committed at sentencing.  In addition, the government contends Defendant procedurally defaulted this argument by

---

[2] A significant portion of Defendant's briefing is devoted to whether his motion should be considered under § 2255(f)(3).  But Defendant's original motion is timely, and that provision does not apply here.

failing to raise the issue on direct appeal. Having reviewed the entire record in this matter, the Court finds Defendant's position is without merit and his motion should be denied.

The Sixth Circuit previously addressed the issue of whether the Supreme Court's holding in *Dean* requires the district court to consider § 924(c)'s mandatory minimum when imposing sentences on the remaining counts. In *United States v. Johnson*, 702 F. App'x 349, 363 (6th Cir. 2017), the Sixth Circuit explained that *Dean* "did not hold that district courts are required to factor in § 924(c) mandatory minimums when calculating an appropriate sentence for the predicate offenses." Rather, under *Dean*, the Court was permitted but not required to consider the 60-month mandatory minimum on Count 5 when imposing the sentence on Counts 1 and 3. *See id.*

Moreover, Defendant fails to establish that the Court abused its discretion or failed to consider all relevant factors in imposing the 60-month mandatory minimum sentence on Count 5 to be served consecutively with a 60-month sentence on Counts 1 and 3. While Defendant suggests the Court should have imposed a lesser sentence on Counts 1 and 3, Defendant acknowledges his sentence was below the guideline range for those counts. To this end, if Defendant's position is correct, and the Court erred in its initial sentencing deliberations, the Court would certainly be within its discretion to vacate the original sentence and impose an even higher sentence on Counts 1 and 3 upon resentencing. But the Court does not believe that to be the appropriate course here. Instead, the Court believes the sentence originally imposed is fair, just, and supported by the § 3553(a) factors and the record in this case.[3]

**B. Defendant's Amended Motion to Vacate**

---

[3] The Court also agrees with the Government that Defendant procedurally defaulted and waived this argument by not pursuing a direct appeal and by raising it for the first time on collateral review.

Defendant's amended motion reframes his *Dean* argument as an ineffective assistance of counsel claim. In his amended motion, he claims his trial counsel was ineffective by failing to argue at sentencing that the Court should consider the mandatory nature of his sentence on Count 5 in imposing the sentence on Counts 1 and 3. The Government argues Defendant's amended motion should be barred as untimely under § 2255(f)(1) because it was filled more than one-year after his judgment of conviction became final and it does not relate back to the arguments raised in his original timely motion to vacate. The government also argues that the amended motion lacks merit because Defendant fails to establish his counsel was ineffective. The Court agrees with the Government under the facts and circumstances presented here.

Under § 2255(f)(1), Defendant was required to file a § 2255 motion asserting his ineffective-assistance-of-counsel claim within one year of the date on which his judgment of conviction became final. 28 U.S.C. § 2255(f)(1). While Defendant timely filed his original motion, his amended motion was filed four months late. And his amended motion raises a different legal issue: the issue of whether his attorney was ineffective requires a different factual and legal inquiry than the issue of whether the Court erred in failing to properly consider § 924(c)'s mandatory minimum at sentencing. For this reason, the Court agrees with the Government that Defendant's amended motion does not relate back to his original motion and is therefore untimely. *See United States v. Smith*, No. 10-CR-20058, 2015 WL 5729114, at *3 (E.D. Mich. Sept. 30, 2015) (citing *Dean v. United States*, 278 F.3d 1218, 1221 (11th Cir. 2002) (explaining that untimely "[a]mendments that seek to add new legal theories or present new claims based on different factual underpinnings are not permitted").

5

The Court further agrees with the Government that Defendant fails to establish he received ineffective assistance of counsel. To prevail on his ineffective assistance of counsel claim, Defendant must satisfy a two-prong test. First, he must demonstrate that, considering all of the circumstances, his counsel's performance was so deficient that the attorney was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Second, he must show that such performance prejudiced his defense. *Id.* Defendant fails to meet this standard on the record here.

The record here does not establish that Defendant's counsel was deficient. As noted, the Supreme Court's holding in *Dean* did not require the Court to consider § 924(c) mandatory minimum in imposing a sentence on Counts 1 and 3. Notwithstanding, Defendant's counsel advocated for a sentence of 60 months on Count 5 and 20 months on Counts 1 and 3. And counsel urged the Court to impose what is essentially the same sentence that Defendant seeks through his motions to vacate. But as the Government points out, the Court rejected Defendant's counsel's request for such a significant downward departure from the advisory guideline range. Based on the record here, Defendant's counsel's performance was not deficient. And even if it was, the Court finds that Defendant has failed to establish prejudice as a result of counsel failing to raise the § 924(c) argument at sentencing.

**IV.    Conclusion**

For the foregoing reasons, Defendant's 28 U.S.C. § 2255 motions are **DENIED**, and the Court **DECLINES TO ISSUE** a Certificate of Appealability.
SO ORDERED.

          S/Nancy G. Edmunds
          Nancy G. Edmunds
          United States District Judge

Dated: November 12, 2020

I hereby certify that a copy of the foregoing document was served upon counsel of record on November 12, 2020, by electronic and/or ordinary mail.

          S/Lisa Bartlett
          Case Manager