UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

KAHIL WILSON,

    Defendant.

_____/

Case No. 15-20281

Honorable Nancy G. Edmunds

**ORDER DENYING EMERGENCY MOTION FOR COMPASSIONATE RELEASE [76]**

In 2016, Defendant Kahil Wilson pleaded guilty to being a felon in possession of a firearm, possessing controlled substances with the intent to distribute them, and possessing a firearm in furtherance of a drug trafficking crime. This Court sentenced him to 120 months imprisonment and he currently remains in the custody of the Federal Bureau of Prisons at FCI Edgefield. The matter is now before the Court on Defendant's second Emergency Motion for Compassionate Release, filed under the authority of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by § 603(b)(1) of the First Step Act of 2018, Pub L. 115-391, 132 Stat. 5194, 5239. (ECF No. 76.)[1] Defendant filed an initial Emergency Motion for Compassionate Release on April 14, 2020 citing the COVID-19 pandemic and his concerns relating to his health and family circumstances. (ECF No. 67.) That motion was subsequently denied, the Court having found that Defendant failed to establish extraordinary and compelling reasons to warrant a reduction of his sentence and, even if he had presented such reasons, releasing Defendant would not be consistent with

---

[1] The Government filed a response in opposition to Defendant's motion (ECF No. 80) and Defendant has filed a reply (ECF No. 81) and a supplemental brief (ECF No. 85).

1

U.S.S.G. § 1B1.13 or the 18 U.S.C. § 3553(a) sentencing factors. Defendant's current motion largely presents the same information as his first with the addition of alerting the Court to Defendant's obesity and providing medical records showing Defendant experienced severe symptoms of asthma in 2013 and 2014. (ECF No. 76.) In his supplemental brief, he also discusses the increase of COVID-19 cases at FCI Edgefield and his father's declining health. (ECF No. 85.)

The Government opposes Defendant's motion and argues Defendant's obesity is mild and would be resolved with a modest weight loss of 10 pounds. Accordingly, it argues, Defendant's health does not rise to the level of "extraordinary and compelling" reasons that would warrant early release. Furthermore, the Government states the § 3553(a) factors weigh against granting Defendant's motion. (ECF No. 80.)

To prevail on a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), a defendant must show (1) extraordinary and compelling reasons warrant a sentence reduction; (2) such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; and (3) the 18 U.S.C. § 3553(a) sentencing factors weigh in favor of release. *United States v. Elias*, 984 F.3d 516, 518 (6th Cir. 2021) (quoting *United States v. Jones*, 980 F.3d 1098, 1101 (6th Cir. 2020). "If each of those requirements are met, the district court may reduce the term of imprisonment, but need not do so." *Id.* (quoting 18 U.S.C. § 3582(c)(1)(A)).

Here, there is no need to determine whether Defendant's obesity and history of asthma constitute extraordinary and compelling reasons within the meaning of 18 U.S.C. § 3582(c)(1)(A)(i) because the balance of the § 3553(a) sentencing factors indicate early release is not appropriate. *See United States v. Ruffin*, 978 F.3d 1000, 1008 (6th Cir.

2020) (noting that district courts may deny relief under the § 3553(a) factors even if extraordinary and compelling reasons would otherwise justify relief). Defendant's history and characteristics, the nature and circumstances of the offense, and the seriousness of the offense weigh against granting Defendant the relief he requests. Defendant had multiple criminal convictions involving drugs and weapons even before charges were brought in this case. Despite those past convictions and time spent in jail and on probation, he continued to engage in the same illegal activities. In the present case, when federal officers executed a warrant at the drug house from which Defendant sold drugs, they found large amounts of drugs, multiple firearms, and various forms of ammunition belonging to Defendant. Officers also found a fully loaded AK-47 pistol and two AK-47 caliber magazines at the residence of Defendant's girlfriend. Defendant later admitted to owning those weapons and selling drugs. Furthermore, despite his asthma, Defendant was able to run on foot from the police at the time the warrant was executed. (ECF No. 80.)

For these reasons, and those in the Court's order denying Defendant's initial motion, Defendant's second motion for compassionate release is DENIED. Pursuant to L.R. 7.1, the Court declines to hold a hearing on this matter.

### III. Conclusion

Based upon the foregoing, Defendant's motion for compassionate release is DENIED.

SO ORDERED.

Dated: March 1, 2021

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Court Judge

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 1, 2021, by electronic and/or ordinary mail.

                             s/ Lisa Bartlett
                             Case Manager